

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. E. Coons
County Attorney
Sherman County
Stratford, Texas

Dear Sir:

> Opinion No. O-1895
> Re: Operation in Texas of commercial
> motor vehicles owned by non-
> residents and registered in other
> states.

We acknowledge receipt of your letter of January 22, 1940, relating to the above captioned subject, and your supplementary letter of January 26, 1940. In your letter of January 22 you request the opinion of this department upon the following four questions:

"1. May a non-resident owner of a commercial motor vehicle registered in a state which does not reciprocate with Texas under Sec. 2 of Art. 827b, P. C., operate such vehicle in Texas for the purpose of hauling goods, wares and merchandise, which are bought in Texas by the owner when such vehicle is driven by such owner in person, without being registered in Texas?

"2. May a non-resident owner of a commercial motor vehicle registered in a state which does not reciprocate with Texas under Sec. 2 of Art. 827b, P. C., cause such vehicle to be operated in Texas for the purpose of hauling goods, wares or merchandise which are bought by and belong to such owner when such vehicle is driven by a hired operator, without being registered in Texas?

"3. May a non-resident owner of a commercial motor vehicle registered in a state which does not reciprocate with Texas under Sec. 2 of Art. 827b, P. C., operate or cause to be operated

Hon. M. E. Coons, page 2

in Texas (either driven by himself or by a
hired operator) such a vehicle for the pur-
pose of hauling goods, wares or merchandise
owned by the owner of the vehicle and bought
outside of Texas, without being registered
in Texas?

"4. May any of the vehicles as mention-
ed in the three preceding questions obtain a
'temporary registration,' as provided in Art.
827b, P. C.?"

The first three questions presented are governed
exclusively by Article 827b, Vernon's Penal Code of Texas.
That portion of Section 2 of Article 827b which is perti-
nent to this opinion, reads as follows:

"Section 2. A non-resident owner of a
motor vehicle, trailer or semi-trailer which
has been duly registered for the current year
in the state or country of which the owner is
a resident and in accordance with the laws
thereof, may, in lieu of registering such ve-
hicle as otherwise required by law, apply to
the State Highway Department through a county
tax collector for the registration thereof
as provided by law, except that the privileges
granted as otherwise provided for in this act
shall not apply to any motor vehicle, trailer,
or semi-trailer operated within this state for
the transportation of persons or property for
compensation or hire."

Section 5 of Article 827b, reads as follows:

"Section 5. No non-resident owner of a
motor vehicle, trailer, or semi-trailer shall
operate any such vehicle or cause or permit it
to be operated upon the public highways of this
state, either before or while it is registered
under this section, unless there shall at all
times be displayed thereon the registration
number plates assigned to said vehicle for the
current calendar year by the country or state

Hon. E. E. Coons, page 3

of which such owner is a resident, nor unless
the certificate of temporary registration, when
issued thereto as is in this section provided
shall be placed on said motor vehicle in the
manner to be specified by the department . . .
Provided that nothing in this Act shall prevent
a non-resident owner of a motor vehicle from
operating at will such vehicle in this state
for the sole purpose of marketing farm products
raised exclusively by him,nor a resident of an
adjoining state or country from operating a
privately owned and duly registered vehicle,
nor operated for hire in this state at will,
for the purpose of going to and from his place
of regular employment and the making of trips
for the purpose of purchasing goods, wares and
merchandise. And provided, further, that any
non-resident owner of a privately owned motor
vehicle may be permitted to make an occasional
trip into this state with such vehicle under
the privileges of this Act without obtaining
such temporary registration certificate . . ."

While your second question does not state that
the goods, wares or merchandise are purchased in Texas, we
assume that this was the situation you intended to present
and that the first and second questions are exactly the
same except that in one case the vehicle is driven by its
owner and in the other it is driven by a hired operator.
Assuming that we have placed the proper construction on
these two questions we agree with your conclusion that they
must be answered in the affirmative. You state in your let-
ter of January 22, in effect, that the term "non-resident"
as employed in your first two questions refers to residents
of adjoining states in compliance with the restrictive lan-
guage used in the pertinent provisions of Section 5 of Art.
827b. Under these circumstances the provisions of Section
5 authorize and permit the operation at will in the State
of Texas of motor vehicles whether they be passenger cars
or commercial motor vehicles; provided of course that the
provisions with respect to registration in the country or
state of which the owner is a resident have been complied
with. While there is no provision in Article 827b which
literally states that the goods, wares and merchandise may
be hauled after being purchased, we think that no ambiguity
exists as to the intention of the Legislature. It neces-
sarily follows from the language used that the operator of

the motor vehicle shall be allowed to haul the articles purchased. There is no provision in Article 827b which prohibits the owner of a motor vehicle from causing the same to be operated upon the highways of this state by an employee or agent. On the contrary, we think the language used in both Section 2 and Section 5 indicates that the Legislature contemplated that the vehicles of non-residents might be operated by hired operators.

We think that you are correct in stating that your third question is controlled by the last proviso of Section 5 of Article 827b, supra. Under this provision any non-resident owner, whether he be a resident of an adjoining state or not, of any privately owned motor vehicle is permitted to make an occasional trip into this state. Section 1 of Article 827b defines the term "occasional trip" as trips not exceeding five in number during any one calendar month and not exceeding five days on any one trip. In this connection we find that insofar as the definition of the term "occasional trips" is concerned, this opinion is in conflict with Opinion No. O-981 rendered by this department, and to this extent only we specifically overrule Opinion No. O-981.

The fact situations presented by your first three questions indicate that the vehicles involved are not being operated for hire or compensation, and it is upon that basis that we render this opinion. If, as a matter of fact, a vehicle is being operated for hire or compensation under the subterfuge of being operated by the owner for his own benefit, the privileges granted by Article 827b would not apply, nor would the conclusions expressed in this opinion prevail.

We have given careful consideration to your reasoning and conclusions in regard to your fourth question, which you answer in the affirmative. You based this conclusion upon the following propositions:

1. The fact that the Legislature has used in Section 2 and 5 the all inclusive term "motor vehicle".

2. That the first sentence of Section 2, unless it is restricted by Section 3, impliedly authorizes the temporary registration of commercial motor vehicles.

3. The fact that in amending this law the Legislature stated in the caption of the amendatory bill that it was "reenacting" Section 2 of chapter 56 of the Acts of the First Called Session, 43rd Legislature.

Hon. E. E. Coons, page 5

We are unable to agree with you in this conclusion. It is true that the term "motor vehicle" as used in this Act includes both passenger cars and commercial motor vehicles and that the Legislature has employed the term in both Section 2 and Section 5 of Article 827b. Section 3 of Article 827b provides for the temporary registration of nonresident passenger cars within twenty-five days after commencing operation within the state. Section 3 does not deal with any other type of motor vehicle nor is there any other section of Article 827b which makes provision for the temporary registration of commercial motor vehicles. Section 3 thus operates as a restriction, since by specifying the one type of vehicle which may be temporarily registered for a limited period of time, all other types of vehicles are excluded. The language of Section 5 is general and all inclusive, and properly should be, since the various sections of Article 827b cover the operation of different types of motor vehicles. If the language in Section 5 was not sufficiently inclusive to provide for both passenger and commercial motor vehicles, separate sections would be needed for each specific instance. In our opinion it is for this reason that the Legislature employed the term "motor vehicle" rather than the more specific terms of "passenger car" and "commercial motor vehicle". The fact that the broader term has been employed does not necessarily indicate that each sentence or provision of Section 5 applies equally to all types of motor vehicles.

The first sentence of Section 2 states that a nonresident owner of a motor vehicle which has been duly registered for the current year in the state or country of which the owner is a resident may register such vehicle by applying to the State Highway Department through a county tax collector for registration, in lieu of registering the vehicle as otherwise required by law, but it does not refer to Section 3 of Article 827b in so far as the operation of commercial motor vehicles is concerned.

We therefore advise you, in answer to your fourth question, that in the opinion of this department, a commercial motor vehicle is not subject to temporary registration.

In regard to the second basis which you present in support of your affirmative answer to question No.4, you state that it is your belief that the title to the amendatory act was insufficient to change the prior law except to

Hon. E. E. Coons, page 6

add the provision relative to the registration of cars in transit for sale, in view of the fact that the term "re-enacting" is used in the caption of the amendatory bill. This caption, as quoted in your letter of January 26, 1940, reads as follows:

> "'An Act amending Section 2, of Chapter 56, of the Acts of the First Called Session of the Forty-third Legislature which provides for the registration and operation in this State of motor vehicles owned by nonresidents, and registered under the laws of another state or country by reenacting same and providing that the provisions of said section shall not apply to the motor vehicles being driven under their own power, towed or otherwise transported by being attached or coupled to some other vehicle from or through this State, for the purpose of sale. . .'"

As we have already stated in another connection, we find no ambiguity exists as to the clear meaning and intention of this Act. In this connection, we advise you that all bills passed by the Legislature which amend a portion of an existing Act must reenact the Act or Section of the Act which they seek to amend. This means not that the prior law is unchanged except for the provision added, or which may be added by the amendatory bill, but that the amended Act will henceforth read as it is written in the amendment. In other words, the last amendment to an Act or to a section thereof is a complete substitute for the previous Act or section. The amendment with which we are dealing did not add new sections to Article 827b but simply rewrote and reenacted Section 2. It is complete within itself and operates as a repeal of Section 2 of Article 827b as it read before the passage of the amendment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ross Carlton_
Ross Carlton
Assistant

APPROVED FEB 27, 1940

RC:jm  _Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_